UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POLLIWALKS, INC. </br></br>   Plaintiff, </br></br>v. </br></br>CROCS, INC. and </br>KOHL'S CORPORATION, INC. </br></br>   Defendants. | Civil Action No._____ </br></br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Polliwalks, Inc. ("Polliwalks"), by its undersigned counsel, for its complaint against Crocs, Inc. ("Crocs") and Kohl's Corporation, Inc. ("Kohl's and collectively with Crocs, "Defendants"), states as follows:

### NATURE OF ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §1 et seq.

### THE PARTIES

2. Polliwalks is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has its principal place of business in the Commonwealth of Massachusetts.

3. Upon information and belief, Crocs (NASDAQ: CROX) is a Delaware corporation having its principal place of business in the State of Colorado.

4. Upon information and belief, Kohl's (NYSE: KSS) is a Wisconsin corporation having its principal place of business in Wisconsin.  Kohl's operates approximately 24 department stores in the Commonwealth of Massachusetts.

5. Upon information and belief, Defendants offer to sell products, and, in fact sell products throughout the United States, including in this judicial district and introduce products that infringe one or more claims in United States Patent No. 8,371,043 (the " '043 Patent") and United States Patent No. 8,371,044 (the " '044 Patent") into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent laws of the United States, Title 35 of the United States Code.

7. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400.

9. Joinder of Crocs and Kohl's in this action is proper as Crocs manufactures and markets to Kohl's its infringing products which infringing products Kohl's markets and sells to consumers in this judicial district all as part of the same transaction or series of transactions concerning the same infringing products.

## COUNT I
### (Infringement of the '043 Patent)

10. Polliwalks hereby incorporates paragraphs 1 through 9 by reference as though set forth fully herein.

11. On February 12, 2013, the United States Patent and Trademark Office (the "USPTO") duly and legally issued the '043 Patent.  Polliwalks owns the entire right, title and

{W3736167.1}

2

interest in the '043 Patent and such ownership rights are confirmed by assignments recorded in the USPTO.  A true and accurate copy of the '043 Patent is attached hereto as <u>Exhibit 1</u>.

12. Crocs makes, uses, sells or offers for sale, three-dimensional sculpted shoes called: (i) Crocs Crockskin Clogs and (ii) Crocs Chameleon Alien Clogs (collectively, the "<u>Infringing</u> <u>Products</u>") that infringe one or more claims of the '043 Patent.

13. Kohl's uses, sells, offers for sale to consumers, the Infringing Products that are sold to Kohl's by Crocs.  True and accurate excerpts from Kohl's website are appended hereto as <u>Exhibit 2</u>.

14. Crocs has also infringed one or more claims of the '043 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others, including but not limited to Kohl's, and by intentionally aiding, assisting and encouraging the infringement by others, including but not limited to Kohl's through the sale, offer for sale, manufacture and use of the Infringing Products.

15. Defendants were made aware of the '043 Patent and their infringement thereof at least as early as its receipt of correspondence from counsel for Polliwalks providing notice of the '043 Patent and Defendants infringement thereof which was sent to each of the Defendants on or about May 23, 2013.  The letters were sent United States Priority Mail with a tracking number.  Defendants responded to these letters and thereby confirmed their receipt thereof.

16. In addition, on or about September 3, 3010, Kohl's was provided written notice of the US Utility application which published on February 5, 2009 under publication No.: US-2009-0031587 which matured into the '043 Patent.  Additionally, a continuing application was filed and issued as the '044 Patent.

17. Upon information and belief, since at least the time Defendants received notice, Defendants have induced and continue to induce others to infringe at least one claim of the '043 Patent under 35 U.S.C. §271 (b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting, others to infringe, including, but not limited to, Defendants' customers, whose use, and on the part of retailers, sale, offer for sale and use of the Infringing Products constitutes direct infringement of at least one claim of the '043 Patent.

18. In particular, Defendants' actions that aid and abet others such as their distributors, partners and/or customers to infringe include advertising and distributing the Infringing Products. Upon information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '043 Patent since at least the date Defendants received notice from Polliwalks' counsel notifying Defendants of their infringement of the '043 Patent.

19. Despite Polliwalks' counsel's notice regarding the '043 Patent, Defendants have continued to infringe the '043 Patent. On information and belief, Defendants' infringement has been and continues to be willful.

20. Polliwalks has been harmed by Defendants' infringing activities.

**COUNT II**
**(Infringement of the '044 Patent)**

21. Polliwalks hereby incorporates paragraphs 1 through 20 by reference as though set forth fully herein.

22. On February 12, 2013, the USPTO duly and legally issued the '044 Patent. Polliwalks owns the entire right, title and interest in the '044 Patent and such ownership rights

are confirmed by assignments recorded in the USPTO.  A true and accurate copy of the '044 Patent is attached hereto as Exhibit 3.

23.     Crocs makes, uses, sells or offers for sale, the Infringing Products that infringe one or more claims of the '044 Patent.

24.     Kohl's uses, sells, offers for sale to consumers, the Infringing Products that are sold to Kohl's by Crocs.  See Exhibit 2.

25.     Crocs has also infringed one or more claims of the '044 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others, including but not limited to Kohl's, and by intentionally aiding, assisting and encouraging the infringement by others, including but not limited to Kohl's through the sale, offer for sale, manufacture and use of the Infringing Products.

26.     Defendants were made aware of the '044 Patent and their infringement thereof at least as early as its receipt of correspondence from counsel for Polliwalks providing notice of the '044 Patent and Defendants infringement thereof which was sent to each of the Defendants on or about May 23, 2013.  The letters were sent United States Priority Mail with a tracking number.  Defendants responded to these letters and thereby confirmed their receipt thereof.

27.     Upon information and belief, since at least the time Defendants received notice, Defendants have induced and continue to induce others to infringe at least one claim of the '044 Patent under 35 U.S.C. §271 (b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting, others to infringe, including, but not limited to, Defendants' customers, whose use, and on the part of retailers, sale, offer for sale and use of the Infringing Products constitutes direct infringement of at least one claim of the '044 Patent.

28. In particular, Defendants' actions that aid and abet others such as their distributors, partners and/or customers to infringe include advertising and distributing the Infringing Products.  Upon information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '044 Patent since at least the date Defendants received notice from Polliwalks' counsel notifying Defendants of their infringement of the '044 Patent.

29. Despite Polliwalk's counsel's notice regarding the '044 Patent, Defendants have continued to infringe the '044 Patent.

30. On information and belief, Defendants' infringement of the '044 Patent has been and continues to be willful.

31. Polliwalks has been harmed by Defendants' infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Polliwalks demands judgment for itself and against the Defendants, as follows:

A. An adjudication that Defendants have infringed the '043 Patent;

B. An adjudication that Defendants have infringed the '044 Patent;

C. for injunctive relief, both preliminary and permanent, enjoining Defendants, and their officers, directors agents, servants, employees, and all their entities and individuals acting in concert with them or on their behalf from further infringement of either the '043 Patent and/or the '044 Patent;

D. An Award of damages to be paid by Defendants adequate to compensate Polliwalks for Defendants' past infringement of either the '043 Patent and/or the '044 Patent,

and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts;

E.  for an award of enhanced damages resulting from Defendants' willful infringement of the '043 Patent, pursuant to 35 U.S.C. § 285;

F.  for an award of enhanced damages resulting from Defendants' willful infringement of the '044 Patent, pursuant to 35 U.S.C. § 285;

G.  for an award of attorneys' fees pursuant to 35 U.S.C. § 285 based on, but not limited to, Defendants' willful infringement of the '043 Patent;

H.  for an award of attorneys' fees pursuant to 35 U.S.C. § 285 based on, but not limited to, Defendants' willful infringement of the '044 Patent;

I.  for an award of costs, pre-judgment and post-judgment interest on any damages awarded, pursuant to 35 U.S.C. § 284 and other applicable law; and

J.  for such other and further relief as the Court deems just and reasonable.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Polliwalks hereby demands a trial by jury in this action on all claims and issues so triable.

                                           Respectfully submitted,

                                           POLLIWALKS, INC.,

                                           By its counsel,

Dated:  June 13, 2013

                                           */s/  Jeffrey E. Francis*
                                           Jeffrey E. Francis, BBO #639944
                                           Jfrancis@pierceatwood.com
                                           Joseph Maraia (BB) # 650569)
                                           jmaraia@pierceatwood.com
                                           PIERCE ATWOOD LLP
                                           100 Summer Street
                                           Suite 2250
                                           Boston, MA  02110
                                           (617) 488-8136